[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR MODIFICATION
The court has for consideration the plaintiff's Motion for Modification of Alimony Pendente Lite. This motion has been filed pursuant to § 46b-86 (a) of the General Statutes. The plaintiff alleges there has been a substantial change of circumstances since the order entered by Judge Moran on February 15, 1996.
The order entered on February 15, 1996 provided as follows:
 "The plaintiff wife shall pay to the defendant husband the sum of $3500 per month on a semi monthly basis, the first payment to commence February 16, 1996. The plaintiff shall `turn over' to the defendant the 1992 Mercedes 500 SL and pay the following car expenses: emissions, insurance, taxes and registration. The defendant shall pay oil, gas and lubrication and the deductible in the event of an accident. The plaintiff shall pay medical insurance and the life insurance premium for the defendant."
At the time of the court's pendente lite orders, the plaintiff filed a financial affidavit showing total weekly income of $2,725. The defendant filed a financial affidavit showing net monthly income of $1,083 by way of unemployment compensation.
The plaintiff, until February 12, 1996, was employed as Administrator and President of Southport Manor Convalescent Home, owned entirely by her father, Albert A. Garafalo, a Fairfield attorney. She was terminated by her father for failing to advance funds from Southport Manor as he requested. She had been so employed for twenty-four years with an annual salary ranging from $155,000 to $250,000. It is claimed by the plaintiff that Judge Moran thought the termination to be contrived to avoid paying alimony to the defendant.
The defendant had also been employed by Southport Manor and received an annual salary of $50,000. He was terminated in his position by the plaintiff on January 2, 1996. CT Page 8407
The parties were married on October 6, 1978 in Fairfield, Connecticut. This action was commenced in September, 1995. There are two children issue of the marriage: Alexis, born February 28, 1980, and Aaron, born March 27, 1981, thus 16 1/2 and 15 1/2. Alexis is a sophomore at Fairfield High School and Aaron is a freshman at Fairfield Prep. Both boys are learning disabled and have an attention deficit disorder, Alexis more severe than Aaron. Alexis has been treating with Dr. Michael Ellovich, a board certified psychologist who testified in this proceeding. Mother and the children reside in the family home at 160 Farmstead Hill Road in Fairfield. The defendant resides in an apartment owned by the plaintiff at 70 Anderson Lane in Southport.
This motion was originally scheduled for trial to commence September 30, 1996 and continue through that week. However, on the first day of trial, the defendant raised the issue of custody of the children and claimed he was seeking custody of the children and opposing the plaintiff's claim for custody. Attorney Patricia Reath was appointed counsel for the children and the issue of custody was referred to Family Relations for mediation. The parties met for mediation on October 23 but were unable to reach an agreement. The recommendation of the Family Relations counselors is as follows:
 "Given the children's ages and the presence of counsel for them, a referral to the Family Services Unit for custody evaluation does not appear warranted. The children have both voiced their preference to live with their mother."
The hearing on this matter has lasted for eleven days. The parties have litigated issues well beyond those necessary for entering pendente lite orders. Indeed, there has been a fair amount of testimony on the issue of fault even though fault is not to be considered by the court in entering pendente lite orders. (See § 46b-83 of the General Statutes.) It is, indeed, most unfortunate that this matter could not be heard for final resolution. So much of the testimony that this court has heard will have to be repeated again when the case is finally tried.
It should be noted here, so that the parties do not believe that the court has failed to consider the issue, that a certain Property Settlement Agreement was presented in evidence. (See CT Page 8408 plaintiff's exhibit PP.) While this agreement is fully executed, it cannot be considered by the court at this time. Such an agreement is valid only after specific inquiry by the court pursuant to the provisions of § 46b-66 of the General Statutes and the court's finding that the same is fair and equitable under all the circumstances. That, too, must be left to the time of final hearing of this matter.
The court finds that the plaintiff has been terminated in her position at Southport Manor. The court finds that this was not contrived by the plaintiff and her father and that there is a definite rift between them. (See plaintiff's exhibits N, O and P.) They have not spoken in over a year. Mr. Garafalo was subpoenaed to come to court in this proceeding and did appear and testify. He confirmed the disagreement between his daughter and himself.
The plaintiff has two corporations which have supplied services to Southport Manor. Most of these services have also been terminated so that the plaintiff's income has been reduced even further than just the absence of her salary. She has been seeking employment as an administrator of a health care facility both in this country and abroad.
This is the second marriage for each of the parties. Each has a child of the prior marriage. The plaintiff's oldest child, Nicole, has graduated from law school and resides in Florida at the present time.
The health of both parties is apparently fine. Plaintiff is 48 years of age and the defendant is 47 years of age. The defendant's unemployment compensation terminated in July. He continues to be unemployed, although it is clear from observing him in this proceeding that he is very much involved with this litigation. He has represented himself since September 4, 1996 when his representation by the firm of Cohen Wolf terminated. He is extremely familiar with all of the plaintiff's business operations, having been responsible for all of the accounting processes until his termination in January, 1996. He has tried this case as well as an attorney, presenting exhibits and evidence by way of cross-examination in excellent fashion and evidence on his own behalf. He has done accounting, payroll and prepared tax returns. He has handled purchasing for the plaintiff's businesses and has experience in management positions. He is a licensed real estate broker and has his own CT Page 8409 agency, Innovative Real Estate, Inc. He has realized only $600 in commissions since the first of the year and has not been pursuing this business. He holds a license as a lead inspector, has advertised that business in the yellow pages and has prepared a pamphlet and calling cards for distribution and has purchased a lead spectrum machine at a cost of close to $15,000. He performed a lead inspection on September 12, 1996 but did not receive any remuneration. He has held a food service license in the past, has worked as a general contractor in building the family home, has rehabed properties and can perform plumbing, electrical, carpentry, painting, roofing, and flooring. He is extremely innovative and clever. His current resume' is in evidence. (See plaintiff's exhibit GG.)
The court finds that the defendant has a demonstrated productive capacity and is clearly capable of supporting himself and contributing to the support of the children. However, his current financial affidavit reports no income and he reports liabilities of $77,560. (See defendant's exhibit 39.)
Plaintiff has no earned income. Her net weekly income as reported in her financial affidavit in Schedule A is $1232. Her liabilities are now $94,200. (See plaintiff's exhibit 00.) Based upon an income of $2725 at the time of the pendente lite orders and the plaintiff's income as reported on September 30, 1995, the court finds that there has been a substantial change of circumstances since February 15, 1996 such that the pendente lite orders ought to be modified as requested.
The court, therefore, modifies the previous orders in accordance with § 46b-83 of the General Statutes and after applying the factors of § 46b-82 of the General Statutes, the court reduces the alimony from $3500 per month to $1250 per month effective August 15, 1996, payable $625 on the first and fifteenth of each month. The plaintiff shall also permit the defendant to occupy an apartment at 70 Anderson Lane in Southport pendente lite, free of rent, heat and utilities, except telephone, to be provided by the plaintiff at her expense. So much of the previous order that the plaintiff continue to pay the defendant's health and life insurance premiums is continued. The other provisions dealing with the Mercedes and its cost are deleted, that vehicle having been subject to other orders of the court following Judge Moran's orders.
The plaintiff has paid the sum of $200 on August 15, 1996 CT Page 8410 toward periodic alimony. She shall pay $425 as the balance of the payment due for August 15th and $625 for September 1, 15, October 1, 15 and November 1 all on November 1 for a total amount of $3,550.00.
EDGAR W. BASSICK, III, JUDGE
MEMORANDUM OF DECISION ON MOTIONS FOR LEGAL FEES ANDACCOUNTANT AND EXPERT FEES (DOCKET ENTRIES NO. 134 AND 137)
BASSICK, JUDGE.
While ordinarily these two motions might be granted if the plaintiff had ample liquid funds, she not only does not have ample liquid funds, she has no liquid funds with which to pay the defendant's legal fees. Her credit cards are borrowed to the limit of the credit lines. While she has assets, they are not liquid. Her corporations provide services and, as has been demonstrated by the evidence, even the services are declining, primarily because those supplied to Southport Manor are being terminated. As reflected in her financial affidavit, the income from the corporations is being applied to her own ongoing expenses.
Based upon the evidence the defendant has had funds with which he has paid his counsel and with which he has incorporated his business and purchased his lead spectrum machine. He has had the funds but chosen to use his money for a different purpose.
Finally, as noted in the court's memorandum on plaintiff's motion for modification, the defendant has tried this case exceptionally well. He has probably done better than an attorney might have done on his behalf.
For all of the foregoing reasons, motions numbered 134 and 137 are denied.
EDGAR W. BASSICK, III, JUDGE